**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

In Re

MESABA AVIATION, INC. d/b/a
Mesaba Airlines,                                   Civil File No. 06-4320 (MJD)

        Debtor.

_____

AIR LINE PILOTS ASSOCIATION,
et al., and ASSOCIATION OF FLIGHT
ATTENDANTS, et al., and AIRCRAFT
MECHANICS FRATERNAL ASSOCIATION,
et al.,

        Appellants,

v.                                                 **MEMORANDUM OF LAW & ORDER**
                                                   Civil File No. 06-4499 (MJD)

MESABA AVIATION, INC.,

        Defendant.
_____

**I.   INTRODUCTION**

There are two appeals in the Mesaba Aviation, Inc. ("Mesaba") bankruptcy case currently pending before the Court. In the first appeal, Civil File No. 06-4320 (MJD), the Air Line Pilots Association, the Association of Flight Attendants, and the Aircraft Mechanics Fraternal Association (collectively "the Unions") appeal the

bankruptcy court's order authorizing Mesaba to reject its collective bargaining agreements ("Section 1113 Appeal"). In the second appeal, Civil File No. 06-4499 (MJD), the Unions appeal the bankruptcy court's preliminary injunction enjoining the Unions from striking in response to Mesaba's rejection of the collective bargaining agreements ("Injunction Appeal").

On January 23, 2007, the Unions filed a Motion to Dismiss Appeals in both cases. [Docket No. 46 in 06-4320, Docket No. 26 in 06-4499]

**II.    DISCUSSION**

    **A.    Section 1113 Appeal**

The parties agree that they have reached consensual, ratified collective bargaining agreements that have been approved by the bankruptcy court. They represent that the legal issues in the Section 1113 Appeal have been settled. The parties agree that the Court should dismiss the Section 1113 Appeal with prejudice. Thus, the Court dismisses Civil File No. 06-4320 with prejudice.

    **B.    Preliminary Injunction Appeal**

The Unions request that the Court dissolve the preliminary injunction in the Injunction Appeal, dismiss the Injunction Appeal, and remand the matter to the bankruptcy court to consider vacatur of the preliminary injunction and to dismiss the underlying case.

Mesaba objects to the Unions' request. It argues that the Injunction Appeal

has become moot due to the parties' agreement to new consensual, ratified collective bargaining agreements. Mesaba reasons that the Unions have waived their right to appeal the preliminary injunction and seek to have it overturned. Thus, the Court should dismiss the Appeal Injunction with prejudice.

### 1.  Dismissal of Appeal

As requested by both parties, the Court dismisses the Preliminary Injunction Appeal as moot.

### 2.  Dissolution of Preliminary Injunction by this Court

The Court will not dissolve the preliminary injunction. The Supreme Court has held that, absent "exceptional circumstances," "mootness by reason of settlement does not justify vacatur of a judgment under review." U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 29 (1994). The court explained that,

> [w]here mootness results from settlement, . . . the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur. The judgment is not unreviewable, but simply unreviewed by his own choice. The denial of vacatur is merely one application of the principle that [a] suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks.

Id. at 25 (citation omitted). See Nahrebeski v. Cincinnati Milacron Mktg. Co., 41 F.3d 1221, 1222 (8th Cir. 1994) (denying parties' joint motion to vacate judgment under review based on parties' settlement because no "exceptional circumstances"

existed).

Here, the Preliminary Injunction Appeal is moot due to settlement. The Unions point to no exceptional circumstances justifying vacatur of the bankruptcy court's preliminary injunction by this Court. The Court will not dissolve the preliminary injunction.

### 3. Remand to Bankruptcy Court

Although it is inappropriate for the appellate court to vacate a lower court's judgment due to settlement,

> [o]f course even in the absence of, or before considering the existence of, extraordinary circumstances, a court of appeals presented with a request for vacatur of a district-court judgment may remand the case with instructions that the district court consider the request, which it may do pursuant to Federal Rule of Civil Procedure 60(b).

U.S. Bancorp Mortgage Co., 513 U.S. at 29. See also Nahrebeski, 41 F.3d at 1222 (refusing to vacate lower court's judgment but dismissing appeal as moot, "without prejudice to the right of either party to move the District Court under Fed. R. Civ. P. 60(b) that it vacate its judgment"). The Court concludes that the bankruptcy court should be given the opportunity to decide for itself whether it will vacate the preliminary injunction.

**IT IS HEREBY ORDERED** that:

1. The Motion to Dismiss Appeals [Docket No. 46 in 06-4320] is **GRANTED** and the Section 1113 Appeal, Civil File No. 06-4320, is **DISMISSED WITH PREJUDICE**.

2. The Motion to Dismiss Appeals [Docket No. 26 in 06-4499] is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. The Court **DISMISSES** the Preliminary Injunction Appeal, Civil File No. 06-4499, **AS MOOT** and without prejudice to the Unions' right to seek vacatur on remand.

   b. The Court will not dissolve the preliminary injunction.

   c. The Court **REMANDS** this case to the bankruptcy court with instructions that the bankruptcy court consider the Unions' request for vacatur of the preliminary injunction and request for dismissal of the underlying case.

Dated: March 28, 2007                         s / Michael J. Davis
                                              Judge Michael J. Davis
                                              United States District Court